UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *GEMINI INSURANCE COMPANY,* | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | *No. 2:15-cv-343-NT* |
| | ) | |
| *BRANCH RIVER PLASTICS,* | ) | |
| *INC., et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

In this declaratory judgment action, on May 6, 2016, at the request of counsel for plaintiff Gemini Insurance Company ("Gemini"), I held a teleconference to resolve disputes over the adequacy of the responses of defendant Arundel Valley, LLC ("Arundel") to Gemini's requests for production of documents and contention interrogatories. *See* ECF No. 19 at 1. I determined that I required further information, including identification by paragraph number of responses remaining in dispute and written argument on the merits, with citation to authority. *See id*. at 1-2. I directed the parties to submit simultaneous letter briefs, and simultaneous responses, *see id*., which they have done. At issue are Arundel's responses to requests for production of documents ("RFP") Nos. 2-4 and interrogatories ("Interrog.") Nos. 7-23. For the reasons that follow, and treating Gemini's request as a motion to compel, I grant it in part, with respect to RFP Nos. 2-4 and Interrog. No. 23, and otherwise deny it.[1]

---

[1] In its letter brief, Gemini stated that it believed every interrogatory remained in dispute but conceded that the dispute was more significant for some than for others. It conceded that Arundel provided very brief answers to Interrog. Nos. 1-6 but stated that it could not determine if Arundel was actually withholding information on the basis of any of its objections to those interrogatories. Hence, it requested that Arundel withdraw objections to those interrogatories,

1

As to RFP Nos. 2-4, Gemini's motion is **GRANTED** on the basis that Arundel offers no response to Gemini's argument that they are standard requests for documents that support Arundel's affirmative defenses.

As to Interrog. No. 23, Gemini's motion is **GRANTED** on the basis that I overrule Arundel's objections that the interrogatory constitutes a multipart question and that it seeks the discovery of counsel's legal theories. The interrogatory, which asks Arundel to explain the defect in the product at issue *and/or* the reason why that product would not pass without objection in the trade, is not multipart. These are essentially synonymous concepts and, in any event, Arundel need address only one of them. Nor does the question seek to elicit counsel's legal theories. Rather, it seeks to elicit facts underpinning the claim that the product was defective.

Arundel is **DIRECTED** to provide documents responsive to RFP Nos. 2-4, and to answer Interrog. No. 23, no later than June 24, 2016.

As to the remaining disputed discovery requests, Interrog. Nos. 7-22, the motion is **DENIED** for the reasons that follow.

As to Interrog. Nos. 7 and 22, I **SUSTAIN** Arundel's objection that they constitute multipart questions, in violation of this court's scheduling order limiting the parties "to not more than 30 interrogatories per opposing side (*subparts not permitted*)[,]" ECF No. 6 at 1 (emphasis added). In addition, I **SUSTAIN** Arundel's objections that Interrog. No. 7 (i) seeks Arundel's legal theories, in that it asks Arundel to explain why certain damages fall within the coverage grant

---

without prejudice, unless it was in fact withholding information of consequence. It is not clear whether Gemini presses its motion to compel with respect to Interrog. Nos. 1-6; however, to the extent that it does, the motion is **DENIED**. Gemini, as movant, carries the burden of demonstrating that Arundel, as nonmovant, should be compelled to provide an adequate response to its interrogatories. It fails to do so as to Interrog. Nos. 1-6, presenting no argument that Arundel's answers are insufficient apart from speculation that something might have been withheld. Arundel substantively responded to those interrogatories, as a result of which its objections to them are rendered moot. Gemini further states, in its letter brief, that Interrog. No. 22 can be addressed later, should it ever be an issue. Again, it is unclear whether Gemini presses its motion to compel with respect to that interrogatory. However, to the extent that it does, its motion to compel a response to that interrogatory is **DENIED** for the reasons discussed below.

of the Gemini policy and why exclusions identified by Gemini in its complaint do not apply to the damages recovered,[2] and (ii) is overbroad, in that its definition of "state the basis" essentially requires that Arundel state all facts supporting that contention.[3]  *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("[T]his court has made it clear that . . . 'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case.") (footnote omitted); *see also, e.g., Rowland v. Paris Las Vegas*, No. 13CV2630-GPC (DHB), 2015 WL 4742502, at *2 (S.D. Cal. Aug. 11, 2015) ("[C]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony supporting witnesses, and the contents of supporting documents.") (citation and internal punctuation omitted).

As to Interrog. Nos. 8-15 and 17-18, I **SUSTAIN** Arundel's objections that these (i) constitute improper hypothetical questions in that they ask that Arundel state the basis for certain "claims" that Gemini infers Arundel makes from its denial of certain paragraphs of Gemini's complaint and (ii) are overbroad, for the reasons discussed above in connection with Interrog. No. 7.

As to Interrog. No. 16, Arundel has answered the interrogatory notwithstanding its objections, and Gemini has failed to articulate how its answer is defective.

---

[2] Arundel argued, both during the May 6, 2016, teleconference with the parties and in its letter briefs, that, while "contention interrogatories" are permissible, they may seek only facts supporting a party's contentions, not the party's legal theories.  Gemini did not disagree, arguing in its letter brief that it had defined the phrase "state the basis" in a way that made clear that it was seeking only the facts that supported Arundel's position and not am impermissible legal opinion.  However, Interrog. No. 7, on its face, expressly seeks not only facts but also an explanation of Arundel's legal theories.

[3] Gemini defined "state the basis" to require Arundel to identify every (i) document (and, where pertinent, section, article, or subparagraph thereof), (ii) communication, (iii) act or omission to act on the part of any person (identifying their nature, time, and place, and the persons involved), and (iv) any other fact that was a source of information regarding the alleged facts or legal conclusions referred to in the interrogatory.

As to Interrog. Nos. 19 and 20, I **SUSTAIN** Arundel's objection that they are overbroad, for the reasons discussed above in connection with Interrog. No. 7.

As to Interrog. No. 21, I **SUSTAIN** Arundel's objection that Gemini expressly seeks Arundel's legal theories, asking that it explain every reason why it believes that coverage exists for some or all of the damages awarded to Arundel.

I acknowledge that Gemini offers to rephrase certain interrogatories in such a manner as to overcome Arundel's objections and/or indicates that it would not object were the court to do so. For two reasons, I decline either to afford Gemini that opportunity or to exercise discretion to "blue-pencil" its interrogatories.

First, as Arundel points out, this is an action in which Gemini seeks a declaratory judgment that it has no duty to indemnify its insured, Branch River Plastics, Inc. ("Branch River"), for damages awarded to Arundel against Branch River in a state court action on Arundel's claims that certain Branch River panels used in an Arundel construction project breached the implied warranties of merchantability and fitness for a particular purpose (the "Underlying Suit"). *See* Complaint for Declaratory Judgment (ECF No. 1) ¶¶ 6-26 & p. 11. The parties already possess the evidence – the "facts" – on which this action is based: materials from the Underlying Suit, including the trial transcript and exhibits, and the insurance policy at issue.

As Arundel suggests, this tends to undermine Gemini's argument that it requires answers to its multiple contention interrogatories. *See, e.g., Kodak Graphic Commc'ns Can. Co. v. E.I. du Pont de Nemours & Co.*, No. 08-CV-6553T, 2012 WL 413994, at *5 (W.D.N.Y. Feb. 8, 2012) ("Where the requesting party already has all relevant, non-privileged evidence, its demand that the opposing party disclose its attorney's selection and compilation of certain documents is often a thinly-veiled effort to ascertain how counsel intends to marshal[] the facts, documents and

4

testimony in his possession, and to discover the inferences that counsel believes properly can be drawn from the evidence it has accumulated.") (citation and internal punctuation omitted).  When, as in this case, the universe of facts is closed, contention interrogatories naturally tend to seek an opponent's legal theories, rather than the factual basis for their contentions.

Second, Gemini has indicated that it intends to move for summary judgment on its claims, arguing that it requires answers to its contention interrogatories to know whether summary judgment is necessary or appropriate.  Yet, as Arundel argues, this court's Local Rule 56(h) process would afford Gemini an opportunity to obtain information on the manner in which Arundel intends to defend against Gemini's claims in a more streamlined and efficient fashion than through refashioned contention interrogatories.[4]

In my May 6, 2016, report of hearing and order, I imposed a stay of all remaining scheduling order deadlines, commencing with the parties' May 13, 2016, discovery deadline, from May 3, 2016, the date on which Gemini sought the court's assistance, until the date on which I entered an order resolving this dispute.  *See* ECF No. 19 at 2.  That stay is now **LIFTED**, and remaining deadlines are **RESET** as follows:

1. Deadline To Complete Discovery:  Enlarged from May 13, 2016, to July 11, 2016.

---

[4] Gemini disputes this, asserting that Local Rule 56(h) simply requires the parties to meet and confer regarding aspects of the case that are undisputed, such as the transcripts and jury verdict.  That is incorrect.  The rule requires that, for purposes of a Local Rule 56(h) conference, the parties be prepared to discuss, and the judicial officer to consider, *inter alia*, "[t]he issues to be addressed by a motion for summary judgment[.]"  Loc. R. 56(h)(3)(A).  This court's practice in conducting such conferences typically is to discuss with the parties the expected bases for both the motion and any opposition.  Gemini also contends that there may never be a Local Rule 56(h) conference because it is more likely that this case will be resolved as a "case stated," meaning, as I understand it, cross-motions for summary judgment on a stipulated record.  However, that would not prevent the court from holding a Local Rule 56(h) conference.  *See* Loc. R. 56(h)(3)(E) (topics to be discussed at conference include "[t]he use of a stipulated statement of material facts in addition to *or in lieu of*, separate statements of material fact") (emphasis added).

    2.    <u>Deadline To File Notice of Intent To File a Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h)</u>:  Enlarged from May 20, 2016, to July 18, 2016.

    3.    <u>Deadline To File Dispositive and *Daubert*/*Kumho* Motions</u>:  Enlarged from June 3, 2016, to August 1, 2016.

    4.    <u>Expected Trial Date</u>:  Remains September 6, 2016, to allow for the possibility that no notice of intent to file for summary judgment is given by the new July 18, 2016, deadline.

*<u>NOTICE</u>*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 9th day of June, 2016.

                                                            /s/  John H. Rich III  
                                                            John H. Rich III  
                                                            United States Magistrate Judge