UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **GEMINI INSURANCE COMPANY,** )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>**BRANCH RIVER PLASTICS, INC., et al.,** )<br>)<br>*Defendants* ) | No. 2:15-cv-343-NT |

### *MEMORANDUM DECISION AND ORDER ON MOTION TO EXTEND DISCOVERY DEADLINE AS TO COUNTS II & III OF COUNTERCLAIM*

With the assent of plaintiff Gemini Insurance Company ("Gemini"), and over the objection of defendant Arundel Valley, LLC ("Arundel"), defendant/counterclaimant Branch River Plastics, Inc. ("Branch River") moves to extend the discovery deadline in this declaratory judgment action solely as to discovery related to Counts II and III of its counterclaim against Gemini (the "bad-faith counterclaim counts"). *See* Assented to Motion To Extend Discovery Deadline ("Motion") (ECF No. 26) at 1 (footnote omitted); Defendant's Response in Opposition to Motion To Extend Discovery Deadlines ("Response") (ECF No. 35) at 1 (footnote omitted). With the benefit of oral argument on August 2, 2016, I grant the Motion, enlarging the deadline for the completion of discovery related to the bad-faith counterclaim counts to 60 days after the issuance of the Law Court's ruling on the underlying dispute between Branch River and Arundel, with the proviso that the Clerk's Office is directed to schedule a status teleconference for approximately 90 days hence.

### I. Background

Branch River seeks the requested relief to avoid any disclosure to Arundel of protected information generated between itself and its insurance carrier, Gemini, in the defense of the underlying dispute. It argues that, if the Law Court reverses the state-court judgment in Arundel's

1

favor and orders a new trial, Arundel's possession of such information would irreparably harm both Gemini and Branch River. *See* Motion at 2; *see also* Reply in Support of Branch River Plastics, Inc.'s Motion To Extend Discovery Deadline ("Branch River's Reply") (ECF No. 36) at 1 & Exhs. A (ECF No. 36-1) & B (ECF No. 36-2) thereto (discovery propounded by Branch River on Gemini respecting the bad-faith counterclaim counts includes requests for information concerning Gemini's claim file, communications between Gemini and Branch River, and analysis of the claims Arundel asserted against Branch River in the underlying litigation).[1]

This is not the first time Gemini and Branch River have sought a remedy for that anticipated harm. On April 14, 2016, they filed a joint motion to dismiss the bad-faith counterclaim counts without prejudice. *See* ECF No. 11. However, following a conference with Chief Judge Torresen on April 28, 2016, they orally withdrew that motion. *See* ECF Nos. 12-14.[2] On May 5, 2016, they filed a joint motion to sever the bad-faith counterclaim counts and stay all proceedings in connection with them. *See* ECF No. 17 at 1. On June 3, 2016, Judge Torresen denied that motion, stating that, in so doing, she was "not ruling on the disclosure of any privileged material" and that "[a]ll material that is properly subject to a claim of privilege shall remain privileged." ECF No. 21. On June 27, 2016, Gemini and Branch River filed a renewed joint motion to dismiss the bad-faith counterclaim counts without prejudice, *see* ECF No. 23; however, on July 8, 2016, Judge Torresen denied it, stating, "The parties are proposing an end run around Fed. R. Civ. P. 13(a) that I cannot sanction[,]" ECF No. 25. The instant motion followed on July 11, 2016, the date of the parties' discovery deadline as previously extended. *See* Motion; *see also* ECF No. 22 at 5. Arundel

---

[1] Branch River explains that, despite having served this discovery, Branch River and Gemini agreed to "a standstill until a mechanism may be put in place to avoid disclosing protected information to Arundel." Branch River's Reply at 2.

[2] Gemini and Branch River state that, during that conference, Judge Torresen questioned whether the dismissal of the bad-faith counterclaim counts would have the unintended consequence of preventing Branch River from pursuing them at a later date despite the parties' agreement to dismiss them. *See* ECF No. 23 at 2; *see also* Fed. R. Civ. P. 13(a) (describing compulsory counterclaims).

did not oppose the first motion to dismiss or the motion to sever and stay and expressly stated that it took no position on the renewed motion to dismiss. *See* Response at 5.

## II. Discussion

I have considered whether this latest request for relief is foreclosed by any of Judge Torresen's earlier orders, and conclude that it is not. The requested deadline extension raises no Rule 13(a) compulsory counterclaim concerns. Nor is it tantamount to a combined severance *and* stay of all proceedings regarding the bad-faith counterclaim counts. Rather, as Gemini's counsel contended during oral argument, it is a bid to manage the privilege issues raised by the unusual circumstances of this case; with respect to privilege, Judge Torresen indeed expressly stated that materials so protected would remain so.

When, as here, a party files a motion to enlarge a deadline prior to that deadline's expiration, the party must show "good cause" for the requested enlargement. *See* Fed. R. Civ. P. 6(b)(1)(A) & 16(b)(4). Rule 16(b)'s good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004) (footnote omitted).

Branch River and Gemini show good cause for the grant of the Motion.

First, I find no dilatoriness. While Branch River filed the Motion on the day the parties' discovery deadline expired, both Gemini and Branch River have diligently pursued varying forms of relief aimed at addressing the concern at issue. In addition, while all three parties have filed Local Rule 56(h) notices of intent to file for summary judgment, resulting in the scheduling of a Local Rule 56(h) conference before Judge Torresen on September 9, 2016, *see* ECF Nos. 30, 32, 41, counsel for all three concurred with my assessment that none of the contemplated summary judgment motions implicates the bad-faith counterclaim counts.

3

Second, I find no appreciable prejudice to Arundel. In its brief, Arundel stated that the grant of the requested relief would prejudice it by requiring it to wait for a lengthy, undetermined period of time for resolution of these proceedings. *See* Response at 1. During oral argument, its counsel added that Arundel has an interest in participating in litigation of the bad-faith counterclaim counts because they are an asset of Branch River that might be assigned to Arundel.

Respecting the asserted delay, there is no dispute that the Law Court heard oral argument in the underlying appeal on May 3, 2016. *See* Motion at 1. Hence, its decision likely will issue in a matter of months, if not weeks. In any event, its decision cannot help but impact the course of the litigation in this court. As Branch River's counsel observed, if the Law Court reverses the underlying judgment and orders a retrial, this entire case may arguably be premature; if it affirms it, this court likely will not have ruled on the contemplated summary judgment motions, for which briefing deadlines will not be established before September 9, by the time the 60-day discovery period ends. In any event, with a view to preventing undue delay, I am directing the Clerk's Office to convene a status conference approximately 90 days from the date hereof.

Nor do I perceive that the grant of the Motion would prejudice Arundel's asserted interest in the bad-faith counterclaim counts. As Gemini's counsel pointed out at oral argument, Arundel's interest is an inchoate one: as yet Branch River has assigned no such rights to Arundel, and thus Arundel has no legally cognizable interest in those claims. In any event, Branch River represents that, if the Law Court affirms the underlying judgment, the privilege concerns animating the Motion "will likely be moot and discovery could be resumed in the ordinary course without accommodations being made for Arundel's involvement in this case." Motion at 5. I understand this to mean that an affirmance likely would remove the primary obstacle to Arundel's participation in discovery bearing on the bad-faith counterclaim counts. "Conversely," Branch

4

River notes, "if a new trial is ordered [by the Law Court], then this entire dispute likely will become moot or premature." *Id*.

Third, and finally, I am persuaded that the grant of the Motion will facilitate the efficient, fair, and orderly management of this case. Arundel has now made clear that it seeks access to discovery bearing on Gemini's and Branch River's trial litigation strategies in the underlying state-court case. While it is true, as Arundel's counsel noted during oral argument, that the court could deny the Motion and field disputes regarding Arundel's access to sensitive material on a case-by-case basis, I agree with Gemini's counsel's argument that proceeding in that fashion would embroil the parties and the court in time-consuming discovery disputes that likely would be obviated by waiting for the Law Court to rule.[3]

### III.  Conclusion

For the foregoing reasons, the Motion is **_GRANTED_**, and the deadline for the completion of discovery related to the bad-faith counterclaim counts is **_ENLARGED_** to 60 days after the issuance of the Law Court's ruling on the underlying dispute between Branch River and Arundel.

---

[3] Gemini points to caselaw in which, when a plaintiff in an underlying tort suit brought a separate suit asserting bad-faith claims against the tortfeasor's insurer, courts barred discovery on the bad-faith claims until the underlying tort suit was concluded. *See* Gemini Insurance Company's Reply to Arundel's Opposition to the Motion To Enlarge Discovery (ECF No. 37) at 4-6. Those cases cited two concerns: the need to protect the insured tortfeasor's attorney-client privilege pending resolution of the underlying suit and the premature nature of the bad-faith claims until the underlying suit had concluded. *See id*; *see also, e.g., Kemp v. Hudgins*, No. 12-2739-JAR-KGG, 2013 WL 4857771, at *1, *4 (D. Kan. Sept. 10, 2013) (granting defendant insured's motion for stay of proceedings in case in which plaintiff judgment creditor brought bad-faith claims against co-defendant insurer; concluding, "This stay is necessary to protect the [defendant insured's] attorney-client privilege during the pendency of the state court action and to allow Plaintiff's claim to ripen."); *Pollard v. Wood*, No. Civ.A. 5:05-444-JMH, 2006 WL 782739, at *2-*3 (E.D. Ky. Mar. 27, 2006) (granting defendant insurer's motions to bifurcate and stay discovery in similar circumstances; noting, "Texas courts have bifurcated claims and discovery to save time and resources from conducting discovery on bad faith claims that may not come to fruition if liability is not found and to prevent prejudice to the tortfeasor from discovery of the claims file"). During oral argument, Arundel's counsel distinguished that caselaw on the basis that, unlike the plaintiffs in those cases, Arundel did nothing to bring about this state of affairs; instead, Gemini chose to sue Branch River and Arundel prior to the conclusion of the underlying proceedings, and Branch River chose to countersue Gemini for its alleged bad faith. Yet, it is not clear that the concerns at play in *Kemp* and *Pollard* are absent in this context. These arguments only serve to underscore the gravity and complexity of the issues that almost certainly would arise were discovery to proceed on the bad-faith counterclaim counts prior to the issuance of the Law Court's decision.

Branch River is **<u>DIRECTED</u>** to file on the ECF docket, promptly after the issuance of the Law Court's ruling, a notice that the Law Court has ruled, together with a copy of its decision. The Clerk's Office is **<u>DIRECTED</u>** to schedule a status teleconference with the parties approximately 90 days from the date of this order.

### <u>*NOTICE*</u>

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 4th day of August, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge